# EXHIBIT A



Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

COPY

NOV 14 2018

COURT SEAL

CHRIS DEROSE, CLERK
DEPUTY CLERK

Attorneys for Neil Badiani

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA**

Neil Badiani,

Plaintiff,

v.

Eli Lilly and Company,

Defendant.

CV 2018-014091

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Stephanie R. Leach PLLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

Plaintiff, Neil Badiani ("Plaintiff" or "Badiani"), by and through undersigned counsel for his Complaint, hereby alleges as follows:

***PARTIES, JURISDICTION AND VENUE***

1. At all times relevant, Mr. Badiani was a resident of Maricopa County, Arizona.

2. Upon information and belief, at all times relevant, Eli Lilly and Company ("Eli Lilly") was an Illinois corporation licensed to do business in Arizona.

3. Defendant Eli Lilly caused certain events to occur in Maricopa County that give rise to this action.

4. Mr. Badiani filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a Notice of Right to Sue on September 17, 2018. Mr. Badiani's filing of this lawsuit is timely.

5. This court has jurisdiction and Defendant has negligently caused acts to occur in Maricopa County, State of Arizona, which give rise to this litigation.

6. Venue is proper in this Court because the events that give rise to this action occurred within Maricopa County.

7. This action is brought pursuant to the Arizona Civil Rights Act, A.R.S. 41-1461 et

seq., for employment discrimination and retaliation, and Mr. Badiani is entitled to a reasonable award of costs and attorneys' fees against Defendant under A.R.S. 41-1481. Equitable and other relief is sought under A.R.S. 41-1461 et seq.

### *GENERAL ALLEGATIONS*

8. Plaintiff realleges and reincorporates the forgoing Paragraphs as if fully set forth herein.

9. Defendant Eli Lilly is a for-profit company.

10. Mr. Badiani was employed with Eli Lilly as a Sales Representative since May 9, 2008.

11. Mr. Badiani was an exemplary employee. Most recently, he was the top performer for his district, and highly competitive nationwide.

12. In 2012, Mr. Badiani was diagnosed with ulcerative colitis. At that time, Mr. Badiani was hospitalized, and notified the Company of his condition and need for leave. His condition was under control for a number of years.

13. Unfortunately, in January, 2017, issues related to his condition worsened, and Mr. Badiani suffered. He required additional leave to tend to these related medical issues, including responding to the colitis, as well as side diagnoses of depression, and high blood pressure.

14. Despite providing information from his physician, his claim for additional benefits and leave was denied on April 20, 2017.

15. Mr. Badiani then asked for a psychiatric form for evaluation, which he was told he had until May 19, 2017, to submit.

16. Mr. Badiani submitted that information on May 19, as requested. The Company, however, denied his request for additional leave via latter dated May 24, 2016, and required Mr. Badiani to provide the requested information for additional leave or return to work no later than May 26, 2017.

17. On May 26, 2017, Mr. Badiani notified the Company that he required additional leave via email. He provided his most recent doctor's notes, which confirmed the need for additional leave until on or around July 18, 2017. He additionally asked for a reasonable accommodation of additional leave. The Company never responded to this

Stephanie R. Leach PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 753-9276

Stephanie R. Leach PLLC
2415 E. CAMELBACK RD., SUITE 700
Phoenix, Arizona 85016
(602) 753-9276

email.

18. Later on May 26, 2017, Mr. Badiani notified HR that he would be unable to attend work that day – that he was unable to drive. He also spoke with his supervisor, and his supervisor was so concerned about his behavior, that he notified the police, who then placed Mr. Badiani in an involuntary psychiatric hold.

19. Via letter of that same date, the Company terminated Mr. Badiani, despite Mr. Badiani having provided the information requested in the May 24, 2017, letter, and having called in pursuant to the Company's policies and procedures.

***COUNT I - ARIZONA CIVIL RIGHTS ACT***

20. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19, inclusive.

21. The Defendant's acts constitute a violation of the Arizona Civil Rights Act, in that Plaintiff has been treated differently than his co-workers because of his disability.

22. The Defendant violated the Act by, among other reasons, engaging in an unlawful employment practice in discriminating against Plaintiff and terminating Plaintiff on May 26, 2018 because or on the basis of his disability.

***COUNT II – AMERICANS WITH DISABILITIES ACT, AS AMENDED***

23. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive.

24. At all times material hereto, Plaintiff was an employee and Defendants his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a).

25. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

26. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

27. Plaintiff's ulcerative colitis and depression are physical impairments that substantially limits one or more major life activities.

28. Plaintiff has a record of a physical impairment that substantially limits one or more major life activities.

29. Defendant was aware of Plaintiff's condition.

30. Defendant regarded Plaintiff's condition as an impairment that substantially limited one or more major life activities.

31. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to terminate his employment.

32. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

33. The actions of Defendants were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

34. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

35. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice

***COUNT III – WRONGFUL TERMINATION***

36. Plaintiff hereby realleges and incorporates as though fully set forth herein all of the allegations in the preceding paragraphs.

37. Defendant's actions in terminating Plaintiff in the above fashion are injurious to the public at large and violated public policy.

38. As a direct and proximate result of unlawful termination of Plaintiff, Plaintiff has suffered financial harm including but not limited to past and future wage and benefit losses, economic disadvantages, mental pain, anguish and suffering caused by the acts of Defendant.

Stephanie R. Leach PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 753-9276

*COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

39. Plaintiff hereby realleges and incorporates as though fully set forth herein all of the allegations in the preceding paragraphs.

40. The above-described retaliation and wrongful termination by Defendant was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress. Defendant's conduct was further done with a wanton and reckless disregard of the consequences to Plaintiff.

41. As a proximate result of the acts alleged herein above, Plaintiff suffered humiliation, mental anguish and emotional and physical distress of mind and body in the form of fear, shock, anger, worry, humiliation, nervousness, irritability, insomnia, loss of appetite to all of Plaintiff's damage in a sum to be determined according to proof at the time of trial.

42. As a direct and proximate result of the aforementioned conduct of these Defendants, and each of them, and as a further, direct and proximate result of Plaintiff's severe mental anguish, emotional distress, and physical injury, Plaintiff has suffered general and special damages, the exact amount will be proven at trial.

43. As a further, direct and proximate result of the aforementioned conduct of Defendant, Plaintiff has been and will continue to be injured in his future employment, occupation and income in an amount which will be proven at trial.

44. By reason of the above described unlawful conduct and the Defendant's wrongful termination of Plaintiff, Defendants has acted maliciously, despicably, oppressively and fraudulently towards Plaintiff and in a willful and conscious disregard of his rights, health, safety and feelings. Defendant has further acted maliciously, despicably, oppressively and fraudulently and in willful and conscious disregard of his rights, health, safety and feelings to an additional extent which is unknown to Plaintiff at this time, but is well known to Defendant. That by reason of the foregoing, Plaintiff demands punitive and exemplary damages from Defendant, to the extent permitted by law, in a sufficient sum to be awarded by the trier of fact at the time of trial.

45. Plaintiff requests an award of attorneys' fees and costs against Defendant.

46. Plaintiff is further entitled to prejudgment interest at the legal rate per annum and

Stephanie R. Leach PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 753-9276

damages according to proof.

## GENERAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. Ordering the payment of compensatory damages in an amount to be determined at trial;

B. Awarding Plaintiff punitive damages in an amount sufficient to punish the Defendant and to deter others from emulating its conduct.

C. For back pay and front pay;

D. For attorney's fees and costs;

E. For prejudgment interest and post judgment interest at the maximum allowable rate;

F. For any other relief the court deems proper.

RESPECTFULLY SUBMITTED this 9th day of November, 2018.

STEPHANIE R. LEACH, PLLC.

By [signature]
Stephanie R. Leach
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016

Stephanie R. Leach PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 753-9276

# EXHIBIT B

In the Superior Court of the State of Arizona
In and For the County of Maricopa

Case Number CV 2018-014091

COPY

NOV 14 2018

CHRIS DEROSE, CLERK
DEPUTY CLERK

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Stephanie R. Leach, PLLC

Attorney Bar Number 023739

Plaintiff's Name(s): (List all)
Neil Badiani

Plaintiff's Address:
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) Eli Lilly and Company

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order ☐ Provisional Remedy ☐ OSC ☐ Election Challenge ☐ Employer Sanction ☐ Other ______ (Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "eligible for commercial court" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) ______

**MEDICAL MALPRACTICE:**
☐ Physician M.D. ☐ Hospital
☐ Physician D.O ☐ Other

**CONTRACTS:**

- ☐ Account (Open or Stated)
- ☐ Promissory Note
- ☐ Foreclosure
- ☐ Buyer-Plaintiff
- ☐ Fraud
- ☐ Other Contract (i.e. Breach of Contract)
- ☐ Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ Six to Nineteen Structures
  - ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**

- ☐ Eminent Domain/Condemnation
- ☐ Eviction Actions (Forcible and Special Detainers)
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title
- ☐ Forfeiture
- ☐ Election Challenge
- ☐ NCC- Employer Sanction Action (A.R.S. §23-212)
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights (Not General Stream Adjudication)
- ☐ Real Property
- ☐ Sexually Violent Person (A.R.S. §36-3704) (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action against Lower Courts (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**

- ☐ Administrative Review (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal (All other tax matters must be filed in the AZ Tax Court)
- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute- Other
- ☐ Restoration of Civil Rights (Federal)
- ☐ Clearance of Records (A.R.S. §13-4051)
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain– Light Rail Only
- ☐ Interpleader– Automobile Only
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☑ Employment Dispute- Discrimination
- ☐ Employment Dispute-Other
- ☐ Other (Specify) ________________

**COMPLEXITY OF THE CASE**

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

________________________________

________________________________

Additional Defendant(s)

________________________________

________________________________

# EXHIBIT C

Stephanie R. Leach (#023739)
STEPHANIE R. LEACH, PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 753-9276
Stephanie@azemploymentattorney.com

Attorneys for Neil Badiani

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| Neil Badiani,<br>Plaintiff,<br>v.<br>Eli Lilly and Company,<br>Defendant. | CV 2018-014091<br>**SUMMONS** |
|---|---|

FROM THE STATE OF ARIZONA TO: Eli Lilly and Company

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

- Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR
- Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR
- Office of the Clerk of the Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR
- Office of the Clerk of the Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day

Stephanie R. Leach PLLC 2415 E. Camelback Rd., Suite 700 Phoenix, Arizona 85016 (602) 753-9276

you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

- 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR
- 18380 North 40th Street, Phoenix, Arizona 85032 OR
- 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR
- 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date

CHRIS DEROSE, CLERK OF SUPERIOR COURT

By Deputy Clerk

Stephanie R. Leach PLLC
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
(602) 753-9276

# EXHIBIT D

Valleywide Process Service
2931 E. Marco Polo
Phoenix, AZ 85050
(602) 262-2555

CHRIS DEROSE, CLERK
BY DEP
AS. ROMERO, FILED
2018 DEC 26 AM 11:23

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| NEIL BADIANI | ) | Case No: CV2018-014091 |
| Plaintiff, | ) | |
| | ) | DECLARATION OF DELIVERY BY |
| vs. | ) | PRIVATE PROCESS SERVER |
| ELI LILLY AND COMPANY, | ) | |
| Defendant. | ) | |

Jack Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;
2. On December 5, 2018 at 11:28 a.m., I delivered to ELI LILLY by and through the National Registered Agents at 3800 N. Central Ave #460 in Phoenix, Arizona the Summons; Complaint; Civil Cover Sheet; Jury Trial Demand filed with/issued by this Honorable Court in this matter by delivery to Maria Martinez stated authorized to accept;
3. The fee for this service was $50.00.

I swear under penalty of perjury pursuant to the A.R.C.P 80(i) this 6th day of December, 2018 that the foregoing is true and correct.

Jack Cox

# EXHIBIT E

Jennifer R. Yee (SBN No. 029651)
Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202
Telephone: 602-382-6565
Fax: 602-382-6070
jryee@swlaw.com

Attorneys for Eli Lilly and Company

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| NEIL BADIANI, a single person,<br>Plaintiff,<br>v.<br>ELI LILLY AND COMPANY, an Indiana corporation,<br>Defendant. | No.<br>**DECLARATION OF MARY HEDLUND IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA** |

I, Mary Hedlund, in accordance with 28 U.S.C. § 1746, make this declaration under oath and penalty of perjury.

1. My name is Mary Hedlund. I am a resident of Indiana, where I work as the Manager, HR, Compensation Administration, for Eli Lilly and Company ("Lilly"). I am over 18 years of age and of sound mind. I have personal knowledge of the facts contained herein.

2. Lilly is incorporated under the laws of the State of Indiana and has its principal place of business in the State of Indiana.

3. In my capacity as the Manager, HR, Compensation Administration, for Lilly, I have access to certain business records of Lilly, including Neil Badiani's payroll

information. A true and accurate copy of Badiani's Badiani's payroll information from 2017, with certain information redacted, is attached as **Exhibit 1**. The payroll information details Badiani's compensation from 2017 generated from Lilly's computer records. It is Lilly's regular business practice to retain such records.

4. According to Lilly's records, Badiani's address is 10105 E. Via Linda, Ste 103, Scottsdale, Arizona 85258 and his income taxes have been withheld in the State of Arizona.

5. Plaintiff's semi-monthly pay rate, prior to the termination of his employment in May 2017, was $3,775.83 (or $7,551.66 per month).

I declare to the best of my knowledge under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: 1/4/2019

Mary Hedlund

Mary Hedlund

Lilly USA, LLC
Lilly Corporate Center
Payroll Disbursement DC1833
Indianapolis IN 46285

Emp.Grp/Sgrp: A03 Sales Associates
Pay Beg Date: 12/01/2017
Pay End Date: 12/15/2017

Company: 705
Check No:
Check Date: 12/15/2017

Mr Neil Badiani
10105 E Via Linda
Ste 103
Scottsdale AZ 85258

Global ID:
Cost Cntr:
Pay Rate: 3,775.83

Phoenix South DIAB
US - Semi monthly

| TAX DATA | Federal | AZ State |
|---|---|---|
| Marital Stat: | | |
| Allowances: | | 00 |
| Addl.Pct.: | | |
| Addl.Amt.: | | |

HOURS AND EARNINGS

| Description | Hours (Current) | Pay Rate (Current) | Earnings (Current) | Earnings (YTD) |
|---|---|---|---|---|

TAXES

| Description | Current | YTD |
|---|---|---|
| W/H EE Federal | | 5,000.08 |
| OASDI EE Federal | 36.57 | 2,459.35 |
| MedcarEE Federal | 8.55 | 575.31 |
| W/H EE Arizona | | 1,011.85 |

BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Total: | | |

AFTER-TAX-DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Total: | | |

MEMO

| Description | Current | YTD |
|---|---|---|

| TOTAL GROSS | W-2 GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|